UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LYNN M. STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 2:13-CV-384-RLM-JEM |
| | ) |
| BP WHITING REFINERY, | ) |
| | ) |
| Defendant. | ) |

OPINION and ORDER

BP Products North America Inc., referred to as BP Whiting Refinery in the complaint, has moved to dismiss Lynn M. Strong's *pro se* complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). BP maintains that Mr. Strong's complaint is unintelligible and leaves BP without the ability to craft an answer. Mr. Strong hasn't responded to BP's motion, and the time for doing so has passed. *See* N.D. Ind. L.R. 7-1(d).

The minimum requirements for pleading a claim for relief are found in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "The primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Mr. Strong's complaint can't be said to comply with Rule 8(a)(2). The complaint contains a form employment discrimination complaint that refers to the attachments for the legal claim and factual basis. The attachments include an eleven-page summary of Mr. Strong's employment history with BP, a letter from the EEOC, an EEOC charge, an article, and a job description. The complaint doesn't contain a "short and plain statement" of his claims or "simple, concise, and direct" allegations and other than the general reference to three rights guaranteed by Title VII of the Civil Rights Act of 1964, the complaint contains no citation to the law governing his claims. The complaint might include claims of discrimination, harassment, and/or retaliation.

Rule 8 requires something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). *Pro se* litigants' pleadings are held to a less stringent standard and are construed especially generously in the *pro se* litigant's favor. Haines v. Kerner, 404 U.S. 519, 520 (1972). But a minimal coherence is needed for any construction, generous or otherwise. The court can't ascertain whether Mr. Strong alleges a valid claim, and BP can't appropriately respond to the complaint.

For the forgoing reasons, the court GRANTS the defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 8(a)(2) (Doc. No. 5). Because the court can't determine the claims that Mr. Strong asserts, at this time, the court declines to address the defendant's argument that

dismissal is appropriate for failure to state a claim. Mr. Strong is AFFORDED to and including April 25, 2014 to file an amended complaint. If no amended complaint is filed by that date, judgment will be entered against him.

SO ORDERED.

ENTERED:  March 24, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court